**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

**Filed 8/16/96**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JUAN M. ALDRETE,

     Defendant - Appellant.

No. 96-3113
(D.C. No. 95-CV-3540)
(District of Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **KELLY** and **LUCERO**, Circuit Judges.

---

Appellant Juan Aldrete challenges, under 28 U.S.C. § 2255, his conviction of carrying a firearm in relation to a drug trafficking crime. Relying on <u>Bailey v. United States</u>, 116 S. Ct. 501 (1995), appellant argues that he did not actively employ a firearm with respect to the drug transaction in which he was involved. We affirm.

Appellant was indicted and pled guilty to distributing cocaine, in violation of 21 U.S.C. § 841(a)(1), and carrying a firearm in relation to a drug trafficking crime, 18

---

[*]The case is unanimously ordered submitted without oral argument pursuant to the applicable rules. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 924(c)(1).  Appellant was arrested in the driver's seat of his automobile while attempting to sell about 11 ounces of cocaine to an undercover informant, and a loaded handgun was found wedged in the front seat next to the appellant.  Bailey has no bearing on this case because appellant was charged only with the "carrying" prong of section 924(c).  From the evidence, it is clear that appellant "carried" a firearm within the meaning of § 924(c).  See United States v. Miller, 84 F.3d 1258-60 (10th Cir. 1996).  Appellant is not entitled to have his sentence vacated under § 2255.

AFFIRMED.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge